UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SIDNEY GORDON, et al., | No. C 15-80080 LB |
| Plaintiffs, | **ORDER REGARDING LETTER BRIEF AT ECF NO. 11** |
| v. | |
| SONAR CAPITAL MANAGEMENT LLC, et al., | |
| Defendants. | |

## INTRODUCTION

The parties filed a joint letter brief on Friday, March 13, 2015 at 5:30 p.m. (ECF No. 11.[1]) The court issues this order to resolve the disputes.

## STATEMENT

This is a miscellaneous action regarding a subpoena for the deposition of third-party Thanh Ha Bao. The underlying case is a class action in the Southern District of New York brought by buyers or sellers of securities of Sigma Designs and alleges insider trading by Sonar Capital, three Sonar hedge funds, and Sonar's CEO and portfolio manager Neil Druker, among others. (ECF No. 105 at 4, No. 1:11-cv-09665-JSR.)  The SDNY complaint refers to the defendants collectively as the "Insider Trading Defendants." (*Id.* at 5.) Ms. Bao apparently is the sister of Tai Nguyen, who is

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the top of the document.

alleged in the SDNY complaint to be a source of non-public information for the Insider Trading Defendants. (*Id.*)

The joint letter brief, the filed papers, and the representations at the hearing on March 12, 2015 establish a time line for the subpoena as follows. Jules Bonjour previously represented Ms. Bao. Plaintiffs served her on February 17, 2015 with a subpoena for production of documents and a deposition on February 19, 2015. Given the short notice, counsel apparently agreed to postpone the deposition to the week of March 9, 2015, contingent on approval by the SDNY district judge to extend the discovery deadlines. The district judge granted the request to extend the deadlines. Plaintiffs' counsel said that he would send a letter about the postponement and would be in touch to discuss the document requests. On February 20, 2015, Mr. Bonjour advised Plaintiffs' counsel that he no longer represented Ms. Bao. (ECF No. 11 at 2.) Given the procedural context, Plaintiffs' counsel served Ms. Bao with the subpoena at issue on March 5, 2015. That subpoena required her to testify and produce documents on Wednesday, March 11, 2015. Plaintiffs' counsel represented at the March 12 hearing that it was identical to the February subpoena. When she was served with the subpoena, Ms. Bao was not represented by an attorney. She contacted attorney Vicki Young on Friday, March 6, 2015, and she retained Ms. Young on Saturday, March 7, 2015.

On Tuesday, March 10, 2015, Ms. Young filed a motion to continue Ms. Bao's deposition and an application for an order shortening the time for the hearing on her motion. (The motion was not uploaded to ECF until 9:30 a.m. the next morning.) In the motion, Ms. Young described a time line that did not include the earlier, identical subpoena served in February, apparently because she had just been retained and did not know about the February subpoena yet. She described the voice mail she left on Sunday, March 8, 2015, to Plaintiffs' Boston-based attorney, Edward Haber, who served the subpoena. The next day, she talked to another attorney in his office, Patrick Vallely, and said that she had just been retained to represent Ms. Bao and that Ms. Bao needed additional time to comply with the subpoena. Mr. Vallely told Ms. Young that he needed to speak to Mr. Haber and that he would call back. Later that day, Mr. Haber called Ms. Young and told her that he would not agree to continue the deposition because the judge in the underlying action ordered that all depositions be completed this week. Ms. Young then asked that Ms. Bao's deposition be continued to Friday,

1 March 13, 2015 (a two-day extension), but Mr. Haber requested this proposal because he was
2 already in California taking depositions and it conflicted with his travel plans.

3 Based on the apparently short time frame of only six days between service of the subpoena and
4 deposition, and without the knowledge that Ms. Bao had been served with the subpoena in February,
5 on Wednesday, March 11, 2015, the court granted the motion to shorten time for a hearing on Ms.
6 Bao's motion to continue her deposition and set a hearing on Thursday, March 12, 2015.  The court
7 also stayed her deposition and production until after the hearing. At 9 a.m. on March 12, Plaintiffs
8 filed their response that contained the full procedural history, starting with the service of the original
9 subpoena on Ms. Bao in February. (ECF No. 5.) Plaintiffs' counsel represented in the response and
10 at the hearing that the SDNY district judge set the discovery cut-off for March 17, 2015.

11 The court held a hearing on the matter on March 12, 2015. At it, and based on the representation
12 about the discovery cut-off of March 17, 2015 and the service of the subpoena on Ms. Bao in
13 February, the court ordered the deposition to take place on March 17, 2015. (ECF No. 9.) Ms.
14 Young noted that she had objections to the breadth and relevance of the subpoena, and the court
15 ordered the parties to confer and file a joint letter brief if they could not resolve their disputes. (*Id.*;
16 ECF No. 8.)

17 In the letter brief, Ms. Young moves to quash the subpoena because March 17 is beyond the
18 March 13 discovery cut-off, and she also objects on grounds that include relevance, over breadth and
19 burden, privilege, and work product. (ECF No. 11.)

20 **ANALYSIS**

21 Federal Rule of Civil Procedure 45 provides that a court must quash or modify a subpoena if,
22 among other things, it "fails to allow a reasonable time to comply" with it or "subjects a person to
23 undue burden." Fed. R. Civ. P. 45(d)(3)(A)(I) & (iv).  The question of whether the time to comply
24 with a subpoena is a fact-specific inquiry; courts generally have found that fewer than ten days is not
25 reasonable. *See*, *e.g.*, *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR (JSC), 2014
26 WL 6706898, at *1 (N.D. Cal. Nov. 25, 2014) (finding nine days to comply with a subpoena
27 requiring the production of documents to be unreasonable); *Tri Investments, Inc. v. Aiken Cost*
28 *Consultants, Inc.*, No. 11-04, 2011 WL 5330295, at *2 (W.D.N.C. Nov. 7, 2011) (holding that "[s]ix

total days and four business days is not a reasonable time to comply with a subpoena and notice of deposition"); *Anderson v. Dobson*, No. 06-02, 2006 WL 3390631, at *3 (W.D.N.C. Nov. 22, 2006) (holding that 10 days was not an adequate time for compliance and noting that "the usual and customary 14 day objection period for the witness to move to quash the subpoena would not have even run by the time of the proposed depositions"); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (holding that six days was not reasonable).

## I. TIME OF THE DEPOSITION

The court addressed any objections to the timing of the deposition subpoena by setting the deposition for March 17, 2015, more than ten days after the service of the March 5 subpoena. More to the point, the same subpoena was served in February. The court denies the motion to quash merely on the ground that March 17 is after the March 13 cut-off. Plaintiffs' counsel's representation about the March 17 deadline was a mistake, and had the court known about it, it would have ordered a deposition on March 13. The difference is only two business days that in any event were needed to address Ms. Bao's objections, which should have been raised in February and which she had not discussed with Plaintiffs' counsel before the March 12 hearing.

## II. OTHER OBJECTIONS

This is an insider trading case and the reality is that the relevant information likely is on the CD that has the documents that Ms. Bao gave to the SEC and the U.S. Attorney's Office. (ECF No. 11 at 6.) She is willing to provide that CD under the existing protective order and on the condition that it does not waive any Fifth Amendment claims. (*Id.*) Plaintiffs agree to this with the condition that documents be produced on Monday, the day before her deposition. (*Id.* at 6.) This is a reasonable compromise that best addresses Ms. Bao's objections. The court touches on the objections briefly, which is the most it can do on this record.

First, as to the first request for all documents regarding her relationship with Hien, Hao, and Tai Nguyen, these are Ms. Bao's siblings. As she points out, it is broad. To the extent that Tai is the insider source, the court presumes that relevant information was produced to the government and (from the joint letter brief) that production appears to be with the assistance of counsel. Ms. Bao and her brother Tai Nguyen were the subject of an SEC involving Abaxis, and Tai Nguyen was a subject

1  in a criminal case involving Abaxis. (*Id.* at 3.) Thus, it seems that the relevant information ought to
2  be on the CD that contains Ms. Bao's production to the government.
3    Second, as to the second request for communications with Tai Nguyen about Abaxis, they
4  (again) are likely to be contained on the CD that will be produced with the Fifth Amendment
5  protections summarized above. The court rejects Ms. Bao's assertion that the information is not
6  relevant because this case is about Sigma, not Abaxis.  Insider information about Abaxis seems
7  relevant to Tai Nguyen's alleged scheme to obtain insider information from his relatives who
8  worked at publicly traded companies and sell it to hedge funds such as the Sonar defendants. Ms.
9  Bao does not need to produce work-product or privileged information, but she must identify
10 withheld information on a privilege log (and the court's standing order contains a model approach
11 that the parties are free to modify to an approach that makes sense in this case). As to burden, the
12 court cannot tell on this record, but again, it seems very likely that the information that Ms. Bao has
13 that is practically producible before Tuesday's deposition is on the CD.
14   Third, as to the third request for production of the phone records from January 1, 2006 to June
15 30, 2009, the court agrees with Ms. Bao that it is burdensome.  She does not have them now,
16 speculates that Plaintiffs thought that she gave them to the U.S. Attorney's Office and SEC, and
17 confirms that she did not. Plaintiffs seem to accept this. (*See id.* at 6.)
18   Fourth, as to the fourth request for documents concerning the government productions, the
19 court's order to produce the CD addresses the objections adequately (at least on this record).

## CONCLUSION

21  The deposition will take place on March 17, 2015. Ms. Bao must produce the CD first thing on
22 Monday morning, March 16, 2015, under the protections that she proposes (as set forth above).
23 Plaintiffs' counsel should review it and address any omissions with Ms. Young before raising any
24 issues with the court. The court has another scheduled matter from 11:45 a.m. to 4:30 p.,m. but is
25 available before or after for a call to address any further disputes. This disposes of ECF No. 11. .
26  **IT IS SO ORDERED.**
27 Dated: March 15, 2015

_____
LAUREL BEELER
United States Magistrate Judge

5